IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO

JERRY L GENTRY                                                                                            PLAINTIFF

v.                                            Civil No. 1:22-cv-01001

SONJA COLLIER, Jail Administrator, Columbia County Jail
("CCJ"); WILL HOLMES, Jail Administrator, CCJ;
DOUG WOOD, Deputy CCJ; REBECCA LOUT, Business
Office Administrator, CCJ; and DR. DARREL ELKINS,
CCJ Doctor                                                                                                DEFENDANTS

## ORDER

This is a civil rights action filed *pro* se by Plaintiff, Jerry L Gentry under 42 U.S.C. § 1983. On March 22, 2022, the parties consented to have the undersigned conduct all proceedings in this case including a jury or nonjury trial and to order the entry of a final judgment in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73. (ECF No. 20). Before the Court is a Motion to Dismiss filed by Defendant Rebecca Lout. (ECF No. 14). Plaintiff has filed a Response in opposition to the motion. (ECF No. 19).

### I. BACKGROUND

Plaintiff filed his Complaint in this lawsuit on December 30, 2021, in the Eastern District of Arkansas. (ECF No. 2). On January 5, 2022, the case was transferred to the Western District, El Dorado Division. (ECF No. 4). Plaintiff's application to proceed *in forma pauperis* was granted that same day. (ECF No. 6). On January 21, 2022, in response to this Court's order Plaintiff filed an Amended Complaint. (ECF No. 9). Three days later, Plaintiff filed a Supplement to the Amended Complaint. (ECF No. 13).

Plaintiff alleges he was denied medical care while he was incarcerated in the Columbia County Jail ("CCJ"). (ECF No. 9). He names the following individuals as Defendants: William

Holmes and Sonja Collier – Jail Administrators for the CCJ; Doug Wood – Chief Deputy at the CCJ; Rebecca Lout – the Business Office Administrator at the CCJ; and Darrel Elkins – the CCJ's Doctor. *Id.* at pp. 3-5. He is suing Defendants in both their individual and official capacities and is seeking compensatory and punitive damages. *Id.* at p. 9.

In his Supplement to the Amended Complaint, Plaintiff makes specific allegations and lists all the above individuals under what he describes as "Party Names" except for Lout. (ECF No. 13, p. 11). Plaintiff makes the following statement regarding Ms. Lout in the Supplement: "Mrs. Lout she always would make sure that all procedures get to the right person…Read all Business Office Request…". *Id.* at p. 10.

On February 25, 2022, Defendant Lout filed a Motion to Dismiss arguing "Plaintiff does not state any specific wrongdoing on the part of Defendant Lout in his Complaint…Rather, Plaintiff states that Defendant Lout 'Made sure that all of my complaint go to the right person.'" (ECF No. 14). Defendant Lout argues Plaintiff fails to state a claim upon which relief can be granted because he does not state facts showing she "conducted any wrongful activity or cause any alleged mage or injury" to him. *Id.* Plaintiff filed a Response in opposition to the motion on March 8, 2022, stating in part, "I…formally object to motion 14 to dismiss and I do not have a copy of the brief included in the motion…". (ECF No. 19).

## II. APPLICABLE LAW

Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "In order to meet this standard and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is

plausible on its face.'" *Braden v. Wal–Mart Stores, Inc.,* 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotations omitted)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft,* 556 U.S. at 678. While the Court will liberally construe a *pro se* plaintiff's complaint, the plaintiff must allege sufficient facts to support his claims. *See Stone v. Harry,* 364 F.3d 912, 914 (8th Cir. 2004).

### III. DISCUSSION

"Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights. To establish personal liability on the part of a defendant, [the plaintiff] must allege specific facts of personal involvement in, or direct responsibility for, a deprivation of [his] constitutional rights." *Clemmons v. Armontrout*, 477 F.3d 962, 967 (8th Cir. 2007) (citation and internal quotation marks omitted). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege facts, which if proven true, would demonstrate the named defendants violated the plaintiff's federal constitutional rights while acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Here, Plaintiff was given a second opportunity to clearly state his claims against all Defendants. (ECF No. 7). He was explicitly directed to write short, plain statements telling the Court: the constitutional right Plaintiff believes was violated; the name of the Defendant who violated the right; exactly what the Defendant did or failed to do; how the action or inaction of that Defendant is connected to the violation of the constitutional rights; and what specific injury Plaintiff suffered because of the misconduct of that Defendant. *Id.* Plaintiff was advised that he must affirmatively link the conduct of each named Defendant with the specific injury he suffered.

He was further advised if he failed to do so, the allegations against that Defendant would be dismissed for failure to state a claim. *Id.*

Construing Plaintiff's factual allegations liberally and accepting them as true, the Court finds Plaintiff has failed to allege sufficient facts against Defendant Lout to state any claims against her. In addition, based on Plaintiff's Supplement to the Amended Complaint, it appears he never intended to name her as a Defendant. Accordingly, all claims against her should be dismissed.

### IV. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss (ECF No. 14) is **GRANTED.** Plaintiff's claims against Defendant Rebecca Lout are **DISMISSED WITHOUT PREJUDICE**.

The Clerk is **directed** to terminate Rebecca Lout as a Defendant.

**IT IS SO ORDERED this 31st day of March 2022.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE