IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO

JERRY L GENTRY                                                                                          PLAINTIFF

v.                                          Civil No. 1:22-cv-01001

SONJA COLLIER, Jail Administrator, Columbia County Jail
("CCJ"); WILL HOLMES, Jail Administrator, CCJ;
DOUG WOOD, Deputy CCJ; and DR. DARREL ELKINS,
CCJ Doctor                                                                                              DEFENDANTS

**ORDER**

      This is a civil rights action filed *pro* se by Plaintiff, Jerry L Gentry under 42 U.S.C. § 1983. On March 22, 2022, the parties consented to have the undersigned conduct all proceedings in this case including a jury or nonjury trial and to order the entry of a final judgment in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73. (ECF No. 20). Before the Court is a Motion to Dismiss filed by Defendants. (ECF No. 23). Plaintiff has not filed a response in opposition to the motion and the time to do so has passed.

**I. BACKGROUND**

      Plaintiff filed his Complaint in this lawsuit on December 30, 2021, in the Eastern District of Arkansas. (ECF No. 2). On January 5, 2022, the case was transferred to the Western District, El Dorado Division. (ECF No. 4). Plaintiff's application to proceed *in forma pauperis* was granted that same day. (ECF No. 6). This order informed Plaintiff of his obligation to keep the Court informed of his current address. On January 21, 2022, in response to this Court's order Plaintiff filed an Amended Complaint. (ECF No. 9). Three days later, Plaintiff filed a Supplement to the Amended Complaint. (ECF No. 13).

      On April 15, 2022, Defendants filed the instant Motion to Dismiss stating they had not been able to effect service of correspondence on Plaintiff and mail sent to him was returned to

1

them as undeliverable on April 13, 2022. (ECF Nos. 23, 25). On April 22, 2022, the Court entered an order directing Plaintiff to file a response to the motion to dismiss by May 13, 2022, or the case would be dismissed. (ECF No. 26). On April 26, 2022, mail sent to Plaintiff at his address of record was returned to the Court as undeliverable stating, "Return to Sender, Attempted – Not Known Unable to Forward". (ECF No. 27). Then on May 16, 2022, the order directing Plaintiff to file a response to the instant motion was also returned as undeliverable. The docket reflects Plaintiff's last communication with the Court was on March 8, 2022. (ECF No. 19).

## II. DISCUSSION

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order". *Brown v. Frey,* 806 F.2d 801, 803–04 (8th Cir. 1986) (emphasis added).

2

Plaintiff has failed to keep the Court informed of his address and failed to prosecute this case. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed.

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss (ECF No. 23) is **GRANTED.** Accordingly, Plaintiff's Amended Complaint (ECF No. 9) is **DISMISSED WITHOUT PREJUDICE.**

**IT IS SO ORDERED this 2nd day of June 2022.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE